**Joni GOLDYN; Tracey Castaneda; Nickolas Castaneda, Plaintiffs— Appellants,**

v.

**CLARK COUNTY, NEVADA; Clark County District Attorney; David Roger; Las Vegas Metropolitan Police Department, Defendants—Appellees.**

No. 07–16855.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 31, 2009.

Filed Sept. 11, 2009.

Cal J. Potter, III, Esquire, Potter Law Offices, Las Vegas, NV, for Plaintiff–Appellant.

Lucinda L. Coumou, Deputy District, Clark County District Attorney's Office, Thomas D. Dillard, Jr., Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, REINHARDT, Circuit Judge, and TIMLIN,* District Judge.

### MEMORANDUM**

"[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n. 13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The Las Vegas police knew that Goldyn had written eleven checks to ten people over eight days, that she'd failed to respond to a certified letter from the Credit Union demanding repayment, that she was a fugitive wanted in both California and Colorado and that she was using several aliases. This "suffice[d] for the practical, common-sense judgment called for in making a probable cause determination." *Id.* at 244, 103 S.Ct. 2317.

Goldyn's substantive due process claim fails because she provides no evidence of police conduct "so egregious, so outrageous, that it may be fairly said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 848 n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

The police are also shielded from liability by the independent decisions of the magistrate who issued the warrant and the prosecutor who filed the complaint. *See, e.g., Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir.2004). Goldyn's allegation that the police intentionally misled the magistrate and prosecutor about the identity of Goldyn's "victim" is plainly disproved by the affidavit the policeman filed to support the arrest warrant.

To prove municipal liability under 42 U.S.C. § 1983, Goldyn must show that "execution of [a] government[] policy or custom" inflicted her injury. *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (internal quotation marks omitted). Goldyn provides no evidence of an unconstitutional policy, nor does she explain what evidence of such a policy she hopes to uncover through additional discovery.

Although leave to amend is typically freely given, Goldyn sought to amend her complaint over two months after the scheduling order's deadline. The district court did not abuse its direction by denying Goldyn's belated motion, particularly given that she sought to add parties who she'd known were involved from the beginning. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If th[e] party was not diligent, the inquiry should end.").

In any event, there's no point in granting leave to add futile claims. Her claims against the investigating officer would fail for the reasons outlined above. Her claims against the prosecuting attorney would either be barred by absolute prosecutorial immunity, *see Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), or would fail as a

---

* The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

matter of Nevada law. *See, e.g., Pegasus v. Reno Newspapers, Inc.,* 118 Nev. 706, 57 P.3d 82, 87 (2002) ("Statements of opinion cannot be defamatory. . . .").

For Goldyn's Rule 56(f) motion to continue discovery to succeed, she needed to show "(1) that [she has] set forth in affidavit form the specific facts that [she] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *California v. Campbell,* 138 F.3d 772, 779 (9th Cir.1998). Because Goldyn never provided an affidavit and never identified what specific facts she hoped to discover, the District Court didn't abuse its discretion by denying her motion. *See, e.g., Brae Transp., Inc. v. Coopers & Lybrand,* 790 F.2d 1439, 1443 (9th Cir.1986) ("Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment.").

Finally, the District Court may have abused its discretion by orally permitting Goldyn to conduct additional depositions but then issuing its summary judgment order before she had a chance to conduct them. Even so, it doesn't matter because Goldyn did not then, and does not now, explain with sufficient specificity what useful evidence those depositions, or any other additional discovery, would provide.

**AFFIRMED.**